UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

IN RE: GILBERT D. ROLAND
ss# xxx-xx-7163

CHAPTER 13
CASE NO. 14-31373-JPS

Debtor(s)

## MOTION FOR MODIFICATION OF PLAN AFTER CONFIRMATION

The debtor(s), under the authority of Section 1329 of the Bankruptcy Code, files this Motion for Modification of Plan and respectfully shows:

1.

The plan was confirmed ON May 11, 2015.

2.

Debtor's plan payments will increase from $137.50 bi weekly to $725.00 bi weekly. The Plan is being modified for the following reasons:

a. The mortgage payment to Citi Mortgage and the pre and post petition arrears will be paid directly through the Chapter13 Trustee's Office;

3.

After notice and opportunity for objections, the new modified plan should become the Debtor's plan.

4.

All other provisions of the confirmed plan shall remain unchanged.

5.

Debtor's schedules I and J have been amended.

WHEREFORE, the debtor prays that this motion for modification of the plan be approved.

This 20th day of July 2015.

/s/ Lynne Perkins-Brown
Lynne Perkins-Brown
Attorney for Debtor
Ga. Bar No. 572285

P. O. Box 510
Madison, Ga. 30650
(706) 342-0345
lpbrownlawyer@earthlink.net

UNITED STATES BANKRUPTCY COURT
Middle District of Georgia

DEBTOR  Gilbert D. Roland

\* Chapter 13
\* Case No.  14-31373

## CHAPTER 13 PLAN

1. The future earnings of the debtor(s) are submitted to the supervision and control of the trustee and the debtor(s) (or the debtor's(s') employer) shall pay to the trustee the sum of **$725.00 BI WEEKLY**.

2. From the payments so received, the trustee shall make disbursements as follows:

(a) The trustee percentage fee as set by the United States Trustee.

(b) The monthly payments will be made on the following long-term debts: (Payments which become due after the filing of the petition but before the month of the first payment designated here will be added to the pre-petition arrearage claim.)

| NAME OF CREDITOR | MONTH OF FIRST PAYMENT UNDER PLAN | MONTHLY PAYMENT AMOUNT |
|---|---|---|
| Citi Mortgage | September 2015 | $842.31 |

(c) Pre-confirmation adequate protection payments will be made to the following secured creditors and holders of executory contracts after the filing of a proof of claim by the creditor. These payments will be applied to reduce the principal of the claim.

| NAME OF CREDITOR | ADEQUATE PROTECTION AMOUNT |
|---|---|
|  |  |

(d) The following claims are not subject to cram down because debts are secured by a purchase money security interest in a vehicle for which the debt was incurred within 910 days of filing the bankruptcy petition, or, if the collateral for the debt is any other thing of value, the debt was incurred within 1 year of filing. See § 1325(a)

| NAME OF CREDITOR | AMOUNT DUE | INTEREST RATE | COLLATERAL | MONTHLY PAYMENT AMOUNT |
|---|---|---|---|---|
| -NONE- |  |  |  |  |

(e) After confirmation of the plan, the secured creditors with allowed claims will be paid as follows:

| NAME OF CREDITOR | AMOUNT DUE | VALUE | INTEREST RATE | COLLATERAL | MONTHLY PAYMENT AMOUNT |
|---|---|---|---|---|---|
| 1st Franklin Financial | $5,208.64 | debt | 4.50% | 2001 Ford F150 Crew Cab | $103.00 |
| DT Credit Company | $4,865.00 | 4,975.00 | 4.50% | 2006 Sonoata | $103.00 |

(f) *Attorney fees ordered pursuant to 11 U.S.C. §507(a)(2) of $  1,100.00   to be paid as follows:

| | MONTHLY PAYMENT AMOUNT |
|---|---|
| Pursuant to the Current Administrative Order on Attorney Fee Awards |  |

(g) After the above are paid, distributions will be made to cure arrearages and other secured debts whose claims are duly proven and allowed as follows:

| NAME OF CREDITOR | ESTIMATED AMOUNT DUE | VALUE | INTEREST RATE | COLLATERAL |
|---|---|---|---|---|
| Citi Mortgage | $14,112.35 | $48,600.00 | 5.80% | home located at 795 East Washington Street Madison GA county values at |

(h) The following collateral is surrendered to the creditor:

| NAME OF CREDITOR | DESCRIPTION OF COLLATERAL |
|---|---|
| Stewart Auto Finance | 1/2 interest in 2003 Mazda with daughter vehicle in daughter's possession |

(i) The following domestic support obligations will be paid over the life of the plan as follows: (These payments will be made simultaneously with payment of the secured debt to the extent funds are available and will include interest at the rate of %.(If this is left blank, no interest will be paid).

| NAME OF CREDITOR | PAYMENT AMOUNT |
|---|---|
| -NONE- | |

(j) The following unsecured claims are classified to be paid at 100%. These payments will / will not be made simultaneously with payment of the secured debt:

-NONE-

(k) All other 11 U.S.C. § 507 priority claims, unless already listed under 2(g), will be paid in full over the life of the plan as funds become available in the order specified by law.

(l) The debtor(s) will be the disbursing agent on the following debts:

-NONE-

(m) Special provisions: Debtor will have the titles to his vehicles returned to him lien free by 1st Franklin Financial and DT Credit Company upon completion of the plan

(n) Debtor(s) will make payments that will meet all of the following parameters (these are not cumulative, debtors will pay the highest of the three)

   (i) Debtor will pay all of his disposable income as shown on Form B22C of $0.00 to the non priority unsecured creditors in order to be eligible for a discharge.

   (ii) If the debtor filed a Chapter 7 case, the priority and other unsecured creditors would receive $0.00. Debtor will pay this amount to the priority and other unsecured creditors in order to be eligible for discharge in this case.

   (iii) The debtor will pay $0.00 to the general unsecured creditors to be distributed prorata.

(o) General unsecured creditors whose claims are duly proven and allowed will be paid:

(1) __0__ % dividend as long as this dividend exceeds the highest amount, if any, shown in paragraph (n)(i), (n)(ii), or (n)(iii), and the debtor pays in at least 36 monthly payments to be eligible for discharge.

(2) the debtor(s) will make the payments for ____ months and anticipates a dividend of ____, but will also exceed the highest amount shown in paragraph (n)(i), (n)(ii) or (n)(iii) above.

(p) Unless otherwise ordered by the court, all property of the estate, whether in the possession of the trustee or the debtor, remains property of the estate subject to the court's jurisdiction, notwithstanding §1327(b), except as otherwise provided in paragraph (m) above. Property of the estate not paid to the trustee shall remain in the possession of the debtor. All property in the possession and control of the debtor at the time of confirmation shall be insured by the debtor. The chapter 13 Trustee will not and is not required to insure such property and has no liability for injury to any person, damage or loss to any such property in possession and control of the debtor or other property affected by property in possession and control of the debtor.

(q) Notwithstanding the proposed treatment or classification of any claim in the plan confirmed in this case, all lien avoidance actions or litigation involving the validity of liens, or preference action will be reserved and can be pursued after confirmation of the plan. Successful lien avoidance or preference actions will be grounds for modification of the plan.

Date __July 9, 2015__    Signature __/s/ Gilbert D. Roland__
Gilbert D. Roland
Debtor

*If debtor's attorney wishes to be paid according to the Court's administrative order on attorney's fees include the phrase "pay according to the administrative order" in the blank space and make no other payment provision.

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

IN RE: GILBERT D. ROLAND  
ss# xxx-xx-7163

CHAPTER 13  
CASE NO. 14-31373-JPS

Debtor(s)

### NOTICE OF TIME TO RESPOND TO MOTION

**Debtor(s) Gilbert D. Roland** HAS FILED PAPERS WITH THE COURT FOR MOTION TO MODIFY PLAN AFTER CONFIRMATION.

**YOUR RIGHTS MAY BE AFFECTED. YOU SHOULD READ THESE PAPERS CAREFULLY AND DISCUSS THEM WITH YOUR ATTORNEY, IF YOU HAVE ONE IN THIS BANKRUPTCY CASE. (IF YOU DO NOT HAVE AN ATTORNEY, YOU MAY WISH TO CONSULT ONE.)**
IF YOU DO NOT WANT THE COURT TO GRANT THE MOTION FOR MODIFICATION OF THE DEBTOR'S PLAN, OR IF YOU WANT THE COURT TO CONSIDER YOUR VIEWS ON THE MOTION, THEN YOU OR YOUR ATTORNEY MUST FILE WITH THE COURT A REQUEST FOR A HEARING ON OR BEFORE THE 13th DAY OF August 2015.

THE OBJECTION OR RESPONSE SHOULD BE SENT TO THE CLERK OF THE COURT, U.S. BANKRUPTCY COURT, MIDDLE DISTRICT OF GEORGIA, PO BOX 1957, MACON GEORGIA 31202. IF AN OBJECTION OR RESPONSE IS FILED A HEARING ON THE MOTION WILL BE HELD ON **August 26, 2015 AT 2:00** PM AT THE U.S. COURTROOM ATHENS, U.S. POST OFFICE BUILDING, 115 E. HANCOCK AVENUE, and ATHENS GA 30601.

IF YOU MAIL YOUR RESPONSE OR OBJECTION TO THE COURT FOR FILING, YOU MUST MAIL IT EARLY ENOUGH SO THE COURT WILL **RECEIVE** THE OBJECTION OR RESPONSE ON OR BEFORE THE DATE STATED ABOVE. ANY RESPONSE OR OBJECTION MUST ALSO BE MAILED TO THE MOVING PARTY AND UPON ALL OTHER PERSONS INDICATED ON THE CERTIFICATE OF SERVICE ATTACHED TO THIS PLEADING.

IF YOU OR YOUR ATTORNEY DO NOT TAKE THESE STEPS, THE COURT MAY DECIDE THAT YOU DO NOT OPPOSE THE RELIEF SOUGHT IN THE MOTION OR OBJECTION AND MAY ENTER AN ORDER GRANTING THAT RELIEF

Dated this 20th day of July 2015.

United States Bankruptcy Court  
Box 1957  
Macon, GA 31202  
478-752-3506

/s/ Lynne Perkins-Brown  
Attorney for Debtor/Movant  
Lynne Perkins-Brown  
State Bar # 572285

## CERTIFICATE OF SERVICE

I hereby certify that I have caused a copy of the foregoing **Motion For Modification Of Plan After Confirmation and the Notice of Time To Respond** By Debtors to be served upon the Chapter 13 Trustee, P.O. Box 954 Macon GA, 31202 and the below listed parties by deposit of the documents in the United States mail with sufficient postage affixed for delivery.

| | | |
|---|---|---|
| 1st Franklin Financial<br>PO Box 70<br>Madison, GA 30650 | Citi Mortgage<br>PO Box 6030<br>Sioux Falls, SD 57117-6030 | Cornerstone Acceptance<br>3741 S. Noya Road<br>Port Orange, FL 32129 |
| Credit Bureau Associates of GA<br>145 Executive Parkway<br>Milledgeville, GA 31061 | DT Credit Company<br>PO Box 29018<br>Phoenix, AZ 85038 | Franklin Collection Services<br>PO Box 3910<br>Tupelo, MS 38803 |
| Madison Finance Company<br>PO Box 311<br>Madison, GA 30650 | Morgan Memorial Hospital<br>PO Box 860<br>Madison, GA 30650 | Quick Loans<br>1512-K Eatonton Hwy<br>Madison, GA 30650 |
| Security Finance<br>1400 Eatonton Rd.<br>Suite 700<br>Madison, GA 30650 | Springleaf<br>6205 Hwy 278 NW<br>Ste. 26<br>Covington, GA 30014 | Springleaf Financial Services<br>PO Box 742536<br>Cincinnati, OH 45274 |
| Stewart Auto Finance<br>5496 Old Dixie Hwy<br>Forest Park, GA 30297 | Viraj Deshmukh<br>Attorney At Law<br>211 Perimeter Center Parkway<br>Suite 300<br>Atlanta, GA 30346 | |

This 20th day of July 2015.

/s/ Lynne Perkins-Brown
Lynne Perkins-Brown
Attorney for Debtor
State Bar # 572285

P. O. Box 510
Madison, Georgia  30650
(706) 342-0345
lpbrownlawyer@earthlink.net